## CONKLIN v. JOHN H. WOODBURY DERMATOLOGICAL INSTITUTE.

(Supreme Court, Appellate Division, First Department. May 11, 1900.)

CONTRACTS—EMPLOYMENT—ARBITRARY DISCHARGE—QUESTION FOR JURY—SUFFICIENCY OF EVIDENCE.

     W. contracted with defendant to take charge of its office. The contract provided for payment to W. of $1,000 if defendant dispensed with his services without good reasons, but if it failed to keep the agreement no payment to be required. The petition alleged full performance by W., and his discharge without good reasons, and claimed $1,000 under the contract. The answer alleged nonperformance by W., and that he left

defendant's employ, and refused to return thereto. Plaintiff's evidence tended to show full performance until summary discharge by defendant's president. W. testified defendant's president proposed to discontinue the office, and, on his refusal to go to New York on salary, discharged him. There was evidence that defendant's president said the office had better be closed, and that he wanted to break his contract with W., and could only do so by moving defendant's furniture. Defendant's president testified W. called him a liar, and that he threatened to throw W. out of the office, and W. walked out, and claimed that W. manufactured and sold certain medicine in violation of the contract. The record showed nothing done with such medicine inconsistent with the contract, and no sales after the making thereof. *Held*, that the question whether W. was discharged without good reasons was for the jury, and the evidence was sufficient to sustain a verdict for plaintiff.

Appeal from trial term, New York county.

Action by James D. Conklin against the John H. Woodbury Dermatological Institute to recover on a contract. From a judgment in favor of the plaintiff, and from an order denying a motion for new trial, defendant appeals. Affirmed. See, also, 56. N. Y. Supp. 258.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGH-LIN, and INGRAHAM, JJ.

Benjamin Patterson, for appellant.
Henry B. Twombly, for respondent.

McLAUGHLIN, J. On the 12th of December, 1894, Dr. John Wherly, the plaintiff's assignor, entered into a contract with the defendant, which, among other things, provided that it should open an office in the city of St. Louis, Mo., of which he should take charge. The contract further provided that Dr. Wherly should devote his whole time and attention to the business connected with the office, during certain hours specified, and at such other times as, in his opinion, should be necessary, and for such services he should receive, for the first year, 50 per cent. of the net profits of the business,— the defendant guarantying that such profits should not be less than $1,500. The contract also provided that, if the defendant "desired to dispense with the services of the party of the second part [Dr. Wherly] without assigning good reasons therefor, it shall, in that event, repay unto the party of the second part the sum of $1,000; but, should the party of. the first part be compelled to dispense with the services of the party of the second part because of his failure to keep the terms of this agreement, that then, and in that event, the party of the first part shall not be required to pay unto the party of the second part any sum whatever." Dr. Wherly performed the services required of him for the first year, and received the $1,500 stipulated in the contract. The plaintiff alleges in his complaint that at or shortly after the beginning of the second year Dr. Wherly was discharged, notwithstanding the fact that he had performed all of the terms of the contract on his part to be performed. This action was brought to recover from the defendant the $1,000 specified in the clause of the contract above quoted. The defendant, in answer to the allegations of the complaint, alleged that Dr. Wherly did not perform the contract on his part to be performed, and especially in that he failed to devote his whole time to the business; that he failed

to keep proper books of account; and that he devoted much of his time to the advancement of his own private affairs, without the knowledge or consent of the defendant, and to the injury of the defendant's business. The answer also alleged that Dr. Wherly left the employ of the defendant, and refused to return thereto, unless a different contract was made. Upon the issue thus formed the parties went to trial, and the evidence on the part of the plaintiff tended to show that Dr. Wherly performed all of the terms of the contract on his part to be performed until February 11, 1896, when he was summarily discharged by the president of the defendant, and ejected from the office of which he had been placed in charge. Dr. Wherly testified, as a witness on behalf of the plaintiff, that the president of the defendant met him on the 11th of February, 1896, at the office of the defendant in St. Louis, and then informed him that, inasmuch as the office had not paid, the company proposed to discontinue it; that they would like to have him come to New York, and, if he would consent to do so, they would pay him a certain stated salary; that, after taking the matter under consideration, he informed the president that he would not go to New York, in response to which the president said: "I discharge you. I have no further use for you to work for me." Dr. Wherly was corroborated in some respects by the witness Acken, who, at the time, had the management of a branch of the defendant's business. He testified that the president of the defendant told him at about this time that he had better close "the St. Louis office, as it did not pay." The witness Glogau further corroborated the plaintiff. He testified that he had charge of the building in which the defendant had its office in St. Louis, and that the president of the defendant informed him that he wanted to break his contract with Dr. Wherly and that the only way he could do so was to move the furniture which the defendant had in the office, occupied by it in St. Louis, and thereby make it appear that it had given up its business in that city.

The testimony on the part of the defendant consisted substantially of that given by Dr. Woodbury. He, in effect, testified that Dr. Wherly called him a liar and that he replied, "If you call me a liar, I will throw you out of the office," and that thereupon Dr. Wherly walked out of the office. According to the testimony of this witness, the defendant was further justified in refusing to retain Dr. Wherly in its employment, on account of the manufacture and sale by him of a certain medicine called "Lepidus." The record before us, however, fails to disclose that Dr. Wherly did anything with the medicine called Lepidus which was inconsistent with the contract which he entered into with the defendant. It is true that he had on hand at the time he made this contract a quantity of this medicine, and that he thereafter took the same or some of it from the place of business occupied by him prior to his entering into the contract with the defendant, to a store in St. Louis, where he placed it on sale, and that he also advertised the same for sale in a theater programme for one week. But it appeared that long prior to the time of the transaction of the contract he made a full explanation of what he had done to the defendant, and that its president signified that he was

satisfied with the explanation, and also with what had been done. It also appeared that none of the medicine had been sold intermediate the making of the contract with the defendant and Dr. Wherly's discharge. The question, therefore, as to whether the plaintiff's assignor was discharged by the defendant without its assigning good reasons therefor, as specified in the contract, was a question for the jury to determine; and, it having determined that question in favor of the plaintiff, and there being evidence to sustain its finding, this court ought not and cannot interfere.

It follows, therefore, that the judgment and order should be affirmed, with costs. All concur.